| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------- x<br>In re                                                                    :<br>                                                                              :<br>40-01 NORTHERN BLVD. CORP.,                       :<br>  d/b/a TEQUILA SUNRISE,                                  :<br>  d/b/a TEQUILA SUNRISE II                              :<br>                                                                              :<br>                                                                              :<br>                                        Debtor.             x<br>--------------------------------------------------------- | HEARING DATE AND TIME:<br>March 8, 2016 at 10:30 a.m.<br><br>Chapter 11<br><br>Case No.  16-40159 (ESS) |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S MOTION TO EMPLOY AND RETAIN THE LAW OFFICE OF SCOTT A. STEINBERG AS ATTORNEY FOR THE DEBTOR, NUNC PRO TUNC, TO THE FILING DATE**

TO: THE HONORABLE ELIZABETH S. STONG,
     UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his undersigned counsel, hereby submits this objection (the "Objection") to the application (the "Application") of 40-01 Northern Blvd. Corp.(the "Debtor") to retain the Law Office of Scott A. Steinberg ("Steinberg") as counsel to the Debtor pursuant to Section 327(a) of title 11, United States Code (the "Bankruptcy Code"). *See* ECF Doc. No. 24.  In support of the Objection, the United States Trustee respectfully represents and alleges as follows:

**I.       INTRODUCTION**

The United States Trustee objects to the Application because Steinberg is not disinterested under 11 U.S.C. § 327(a).  According to the Application, Diana Gonzalez, the daughter of the Debtor's principal ("Ms. Gonzalez") paid Steinberg a retainer in the amount of $10,000 and expects to be reimbursed from the Debtor.  On the Statement of Financial Affairs ("SOFA"), the Debtor indicates that Steinberg received $10,000 for

1

attorney's fees from Ms. Gonzalez on December 7, 2015. ECF Doc. No 20. Steinberg is conflicted because: (i) Ms. Gonzalez is the daughter of the Debtor's principal; (ii) Ms. Gonzalez is the payor of counsel's retainer; (iii) Ms. Gonzalez is scheduled as a general unsecured creditor of the estate in the amount of $20,000; (iv) Ms. Gonzalez expects reimbursement of the retainer, and (v) Ms. Gonzalez is not represented by counsel. Accordingly, the Application should be denied.

## II.    FACTS

### A.    Background

On January 14, 2016 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. *See* ECF Doc. No. 1. The United States Trustee was unable to appoint an official committee of unsecured creditors in this case. The United States has not appointed a trustee, and the Debtor remains in control and possession of his assets as a debtor-in-possession.

Fernando Gonzalez ("Mr. Gonzalez") is the Debtor's president and sole shareholder. *See* Statement Regarding Authority to Sign and File Petition dated January 14, 2016 (the "Gonzalez Statement"), ¶ 1, ECF Doc. No. 15. According to the Application, the Debtor is a Mexican restaurant located in Long Island City, New York. Id. The Debtor's key valuable asset is a lease of commercial property located at 40-01 Northern Blvd., Long Island City, New York. ECF Doc. No. 1, Schedule G.

According to the SOFA and the Disclosure of Compensation of Attorney for Debtor dated January 16, 2016 (the "Rule 2016 Statement"), Steinberg received a retainer of $10,000 for legal services in this case. *See* ECF Doc. Nos. 1 and 20, Part 6. The Debtor borrowed $10,000 from Ms. Gonzalez to pay Stenberg's retainer. On Schedule

E/F, the Debtor scheduled Ms. Gonzalez as a general unsecured creditor holding a claim in the amount of $20,000.  *See* Schedule E/F, ECF Doc. No. 1.

### B.     The Application

In the Application, the Debtor seeks to retain Steinberg as its attorney. Application, ¶ 5.  According to the Declaration of Scott A. Steinberg in Support of the Application (the "Steinberg Affidavit"), Steinberg will render services to the Debtor in this case based on an hourly rate in the amount of $425 per hour.  *See* Steinberg Affidavit., ¶ 10.  Steinberg received a $10,000 retainer from Ms. Gonzalez, plus the Chapter 11 filing fee from the Debtor.  Id. at 11.  Mr. Steinberg disclosed that

> The funds for the retainer were borrowed by the Debtor from Diana Gonzalez . . . [t]he Debtor is obligated to repay this loan.  Because the Chapter 11 filing was an emergency and preparation had to begin immediately, Ms. Gonzalez caused a check payable to Scott A. Steinberg to be issued.  These funds were always intended to be a loan to the Debtor.

Id., ¶ 11.

Steinberg also asserts that "[n]either I nor Mr. Steinberg has any connection with the Debtor, its creditors, or any other party in interest . . . Mr. Steinberg does not hold nor represent any interest adverse to the Debtor herein or its estate."  Id., ¶ 3-4.  Steinberg further asserts that it is disinterested within the meaning of section 101(14).  Id., ¶ 13.

On January 29, 2016, the Debtor filed with the Court an Affidavit of Ms. Gonzalez, dated January 28, 2016, in Support of the Application (the "Gonzalez Affidavit").  *See* ECF Doc. No. 23.  In the Gonzalez Affidavit, Ms. Gonzalez averred that she

> [P]aid from my personal funds, a third party retainer in the amount of $10,000.00 to [Mr.] Steinberg for fees to be incurred on behalf of the Debtor in the Chapter 11 proceedings.  The funds for the retainer were intended as a loan to the Debtor from me.  The Debtor is obligated to repay this loan.  Because the Chapter 11 filing was imminent and has to be accomplished promptly, at the request of the Debtor I caused a check

3

>payable to Scott A. Steinberg to be issued.  I have been advised that I am scheduled, or will be scheduled, as an unsecured creditor of the Debtor.

Gonzalez Affidavit, ¶ 3.  Ms. Gonzalez further asserted that "[a]lthough I have been advised by to consult with my own counsel, I have not retained independent legal counsel regarding the payment of the aforementioned retainer to Steinberg."  Id., ¶ 5.

## III.   LEGAL STANDARDS

### Sections 327(a) of the Bankruptcy Code

Under Section 327(a) of the Bankruptcy Code, a chapter 11 debtor may employ "one or more attorneys . . ., *that do not hold or represent an interest adverse to the estate, and that are disinterested persons*[.]"  11 U.S.C. § 327(a) (emphasis added). Disinterestedness is defined in 11 U.S.C. § 101(14) which provides in part that:

>The term "disinterested person" means a person that
>
>(A) is not a creditor, an equity security holder, or an insider;
>. . .
>(C) does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

"The 'materially adverse' standard [of Section 101(14)] incorporated in the disinterestedness test and the 'interest adverse to the estate' language in section 327(a) overlap . . . and form a single test to judge conflicts of interest."  *In re Granite Partners, L.P.,* 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998) (citations omitted).  The disinterestedness provision of Section 327(a) is mandatory and applies at the time of retention and throughout the case.  Id. at 32-33.  "Disqualification is appropriate 'if it is plausible that the representation of another interest may cause the debtor's attorneys to act any

differently than they would without that other representation.'" *In re Granite Partners*, 219 B.R. at 33 (quoting *In re Leslie Fay Cos.*, 175 B.R. 525, 533 (Bankr.S.D.N.Y.1994)).

### Federal Rule of Bankruptcy Procedure 2014(a)

Federal Rule of Bankruptcy Procedure ("Rule") 2014(a) implements Section 327(a) of the Bankruptcy Code and provides that any application for the employment of a professional must disclose the following information:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a). Rule 2014(a) further requires that this information be provided in "a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Id. Rule 2014(a) implies a continuing duty of disclosure and that, furthermore, the "adequacy of disclosure also cannot be judged by whether other parties made inquiry." *In re GSC Group, Inc.*, 502 B.R. 673, 2013 Bankr. LEXIS 5204 at *131-32 (Bankr. S.D.N.Y. Dec. 12, 2013).

### Section 329(a) of the Bankruptcy Code

11 U.S.C. § 329(a) provides that "[a]ny attorney representing a debtor in a case . . . shall file with the court a statement of the compensation paid or agreed to be paid . . . for services rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a).

**Federal Rule of Bankruptcy Procedure 2016(a)**

Rule 2016(a) implements Section 329(a) of the Bankruptcy Code and provides that any entity that would seek professional compensation from an estate needs to disclose the following:

> [W]hat payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised**,** whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor**,** except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required.

Fed. R. Bankr. P. 2016(a).

### IV.    OBJECTION

**Retainers Paid by Third Party Payor Renders Debtor's Counsel Not Disinterested.**

Payment to counsel for a debtor by a third-party does not create a *per se* impermissible conflict of interest. *In re Lar Dan Enters*., 221 B.R. 93, 96 (Bankr. S.D.N.Y. 1998) (citing *In re Lotus Properties LP*, 200 B.R. 388 (Bankr. C.D.Cal. 1996). To determine whether proposed counsel is disinterested despite payment of a retainer by a third party, the court in *In re Kelton Motors, Inc.*, 109 B.R. 641, 658 (Bankr. D.Vt. 1989), enumerated a five-part test that requires:

(1) the arrangement must be fully disclosed to the debtor/client and the third-party payor;

(2) the debtor must expressly consent to the arrangement;

(3) the third-party payor must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client;

> (4) the factual and legal relationship between the third-party, the debtor, the respective attorneys, and their contractual arrangement concerning the fees, must be fully disclosed to the court at the outset of the debtor's bankruptcy representation;
>
> (5) the debtor's proposed counsel must demonstrate and represent to the court's satisfaction the absence of facts which would otherwise create non-disinterestedness, actual conflict or impermissible potential for a conflict of interest.

Id. at 393.

Here, Steinberg does not satisfy the second, third, fourth and fifth prongs of the *In re Kelton Motors, Inc* test. Steinberg cannot satisfy the second element because the Debtor did not provide any loan documentation or any other evidence to demonstrate that Ms. Gonzalez and the Debtor agreed that the $10,000 retainer is a loan to the Debtor. Regarding the third element, Ms. Gonzalez affirmed that she did not seek the advice of counsel at the time she paid the retainer Steinberg. *See* Gonzalez Affidavit, ¶ 5. Upon information and belief, Ms. Gonzalez is currently not represented by counsel. Regarding the fourth element, neither the Application nor the Steinberg Affidavit address the issue of attorney compensation once the $10,000 retainer is exhausted. It is unclear whether Steinberg will rely on Ms. Gonzalez for compensation or whether he will seek compensation from the estate.

Most critically, regarding the fifth element, Steinberg cannot demonstrate disinterestedness based on the circumstances. Regarding retainers paid from third-party sources, one court noted:

> Third parties do not transfer property or funds to an attorney to represent a debtor in possession unless that representation is in the best interest of the third party. It is often the case that the interests of the third party are not identical to the interests of the debtor in possession in its role as fiduciary of the bankruptcy estate. Thus by accepting payment from a third party, the proposed counsel for the debtor in possession necessarily has a conflict

> of interest in that counsel is serving two masters—the one who paid counsel and the one counsel is paid to represent.

*In re Hathaway Ranch P'ship*, 116 B.R. 208, 219 (Bankr.C.D.Cal.1990). "The fact that the fees of [counsel for the debtor are being paid by [an unsecured creditor] creates the appearance that [counsel for the debtor] might have an interest materially adverse to [the debtor] and that [the unsecured creditor] might have an advantage over [the debtor] in the plan formulation process." *In re Rabex Amuru of North Carolina, Inc.,* 198 B.R. 892, 897 (Bankr. M.D.N.C. 1996) (court held counsel for debtor-in-possession was not 'disinterested' under § 327 because it received payment from a creditor.) "Loyalty to a third-party due to the payment of a retainer would obviously render a party not disinterested." *In re American Intern. Refinery, Inc.*, 676 F.3d 455, 465 (5th Cir. 2012) (citations omitted). "A professional of the estate would not be disinterested if a creditor's payment of fees yielded a favorable result to that creditor." *In re Big Rivers Elec. Corp,.* 355 F.3d 415, 434 (6th Cir. 2004).

Here, Ms. Gonzalez loaned the Debtor $10,000 for the purpose of retaining Steinberg as bankruptcy counsel. *See* ECF Doc. No. 1. On Schedule E/F of the Petition, Ms. Gonzalez is scheduled as a general unsecured creditor in the amount of $20,000. Id. According to her Affidavit, Ms. Gonzalez expects to reimbursement from the Debtor. *See* Gonzalez Affidavit, ¶ 4. Steinberg has an impermissible conflict of interest which could be exposed during the chapter 11 plan process. The Debtor, through its counsel, would have difficulty crafting a plan based on a divided loyalty to the Debtor and to Ms. Gonzalez created by her direct payment of the prepetition retainer. Steinberg's work in that regard could compromise the other creditors of the estate. *See In re Rabex Amuru, Inc.*, 198 B.R. at 897-98. (holding that it was impermissible for debtor's counsel to have its fees paid by a creditor); *see also In re Nat'l Distribs. Warehouse Co.*, 148 B.R. 558

8

(Bankr. E.D. Ark. 1992) (denying retention of debtor's counsel where initial retainer was paid by one of the largest creditors, which was also an affiliate); *cf. In re Missouri Mining, Inc.*, 186 B.R. 946, 950 (Bankr. W.D. Mo. 1995) (allowing retention where debtor's principal, a creditor, paid debtor's counsel's fee). Ms. Gonzalez's loan of the $10,000 prepetition retainer and her expectation of reimbursement thereof by the Debtor create an impermissible potential conflict of interest; it is inappropriate for Steinberg to represent the Debtor in the case. Accordingly, Steinberg is not disinterested and the Application should be denied.

## V. CONCLUSION

For the reasons set forth in this Objection, the United States Trustee requests that the Court deny the Application and grant other relief as is just.

Dated: New York, New York
March 2, 2016

By: */s/ Rachel B. Weinberger*
Rachel B. Weinberger
Trial Attorney
United States Department of Justice
Office of the United States Trustee
201 Varick Street
Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500