| | |
|---|---|
| **LAW OFFICE OF SCOTT A. STEINBERG** | Hearing Date: April 5, 2016 |
| *Proposed Attorney for the Debtor* | Hearing Time: 10:30 a.m. |
| 167 Willis Avenue, Suite 1 | |
| Mineola, New York 11501 | |
| (516) 739-9600 | |
| Scott A. Steinberg, Esq. | |
| ssteinberg@saslawfirm.net | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

  **40-01 NORTHERN BLVD. CORP.**　　　　　　Chapter 11
  **d/b/a TEQUILA SUNRISE II,**　　　　　　　　Case No. 16- 40159 (ESS)
  **d/b/a TEQUILA SUNRISE,**

                              Debtor**.**
-----------------------------------------------------------------X

**DEBTOR'S RESPONSE TO THE OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S MOTION TO EMPLOY AND RETAIN THE LAW OFFICE OF SCOTT A. STEINBERG AS ATTORNEY FOR THE DEBTOR, NUNC PRO TUNC, TO THE FILING DATE**

**TO: THE HONORABLE ELIZABETH S. STONG,**
**UNITED STATES BANKRUPTCY JUDGE:**

      The above-captioned debtor and debtor-in-possession, 40-01 Northern Blvd. Corp. d/b/a Tequila Sunrise II (the "Debtor"), files this Response To The Objection Of The United States Trustee To The Debtor's Motion To Employ And Retain The Law Office Of Scott A. Steinberg As Attorney For The Debtor, *Nunc Pro Tunc*, To The Filing Date (the "Objection"), and in further support of the Debtor's Motion To Employ And Retain The Law Office Of Scott A. Steinberg As Attorney For The Debtor, *Nunc Pro Tunc*, To The Filing Date (the "Motion").

    1.    The facts are set forth in (i) the Motion, (ii) the Affidavit Of Diana Gonzalez In

Support Of Application To Employ And Retain The Law Office Of Scott A. Steinberg As Attorney For The Debtor, *Nunc Pro Tunc,* To The Filing Date (the "Initial Diana Gonzalez Affidavit"), (iii) the Supplemental Affidavit Of Diana Gonzalez In Support Of Application To Employ And Retain The Law Office Of Scott A. Steinberg As Attorney For The Debtor, *Nunc Pro Tunc,* To The Filing Date (the "Supplemental Diana Gonzalez Affidavit"), (iv) the Affidavit of Fernando Gonzalez In Support Of Application To Employ And Retain The Law Office Of Scott A. Steinberg As Attorney For The Debtor, *Nunc Pro Tunc,* To The Filing Date (the "Fernando Gonzalez Affidavit"), (v) the Affidavit Of Scott A. Steinberg In Support Of Application To Employ And Retain The Law Office Of Scott A. Steinberg As Attorney For The Debtor, *Nunc Pro Tunc,* To The Filing Date (the "Initial Steinberg Affidavit"), and (vi) the Supplemental Affidavit Of Scott A. Steinberg In Support Of Application To Employ And Retain The Law Office Of Scott A. Steinberg As Attorney For The Debtor, *Nunc Pro Tunc,* To The Filing Date (the "Steinberg Supplemental Affidavit" and together with the Initial Diana Gonzalez Affidavit, the Supplemental Diana Gonzalez Affidavit, the Fernando Gonzalez Affidavit, the Initial Steinberg Affidavit and the Supplemental Steinberg Affidavit, the "Affidavits"), each of which has been heretofore filed with the Court and are fully incorporated herein by reference.

2.    In a nutshell, United States Trustee (the "Trustee") argues that proposed counsel for the Debtor, the Law Firm Of Scott A. Steinberg ("Steinberg") is not disinterested as required by the Bankruptcy Code because, as alleged by the Trustee (i) the Debtor did not expressly consent to the arrangement, (ii) the payor of the retainer payment (the "Retainer") did not retain independent legal counsel to advise her before she advanced the funds for the Retainer, (iii) the Motion does not address the issue of attorney compensation once the Retainer is exhausted, and (iv) that Steinberg has not demonstrated disinterestedness, as required by the case of *In re*

*Kelton Motors, Inc.* 109 B.R. 641, 658 (Bankr. D. Vt. 1989).

3. As will be shown below, the Trustee's Objection is factually erroneous, misinterprets and misapplies the law cited in the Objection and ignores precedent on virtually identical facts.[1] Moreover, as a matter of policy the Trustee's position would make it difficult for small debtors to retain competent counsel for Chapter 11.

## THIRD PARTY RETAINER REQUIREMENTS

4. It is well settled in New York that the payment of third party retainers for the purpose of enabling debtors to retain counsel is permitted. *See In re Lar Dan Enterprises, Inc.,* 221 B.R. 93 (Bankr. S.D.N.Y. 1998). In *Lar Dan*, the Court held that a law firm was not disqualified to serve as debtor's counsel even though the firm had received compensation from a third party insider. Lar Dan is consistent with cases in other jurisdictions holding that where an attorney for the debtor is compensated by a third party, it does not give rise to a per se conflict of interest. *See Lar Dan*, 221 B.R. at 96, *In re Lotus Properties, LP*, 200 B.R. 388 (Bankr. C.D. Cal. 1996), *In re Kelton Motors, Inc.,* 109 B.R. 641 (Bankr. D. Vt. 1989).

5. In *Lar Dan* the Court adopted the five-factor test set forth in *Kelton Motors* to establish whether compensation paid to debtor's counsel from a third party results in a conflict of interest between the debtor and the payor of that compensation. In *Kelton Motors*, creditors moved to disqualify the debtor-in-possession's counsel who received fees from the debtor's sole shareholder, officer and officer's spouse. In holding that disqualification was not warranted, the Court identified five factors relevant to the analysis. These factors include (1) whether the

---

[1] The Objection does not even address the issue of whether the Retainer payment was a loan to the Debtor, as set forth in detail in the Initial Diana Gonzalez Affidavit, the Supplemental Diana Gonzalez Affidavit, the Fernando Gonzalez Affidavit and the Supplemental Steinberg Affidavit. For purposes of this Response, and without waiving its right to argue that the Retainer was a loan, the Debtor is assuming, *arguendo*, that the Retainer payment is a third party retainer payment.

arrangement was fully disclosed to the debtor and the third party payor/insider, (2) whether the debtor expressly consented to the arrangement, (3) whether the third party payor retained independent legal counsel and understood that the attorney's undivided duty of loyalty is owed exclusively to the debtor, (4) whether the third party arrangement was fully disclosed to the Court at the outset of the representation, and (5) whether proposed counsel can demonstrate the absence of facts which otherwise would create non-disinterestedness. *In re Kelton Motors, Inc.,* 109 B.R. at 658; In re *Lar Dan Enterprises, Inc.,* 221 B.R. at 96.

6. Applying the *Kelton Motors* factors as adopted by *Lar Dan,* the facts, as set forth in the Motion and the Affidavits, clearly demonstrates that Steinberg has satisfied all of the *Kelton Motors* factors and is disinterested. As such, Steinberg's retention as counsel to the Debtor should be approved.

7. As will be shown herein, contrary to the Trustee's Objection, each of the *Kelton Motors* factors is unequivocally satisfied. First, as to factor one, disclosure of the arrangement to the Debtor and the third party payor (Ms. Gonzalez), there is no dispute that Ms. Gonzalez paid the Retainer at the request of and with the consent of the Debtor. Factor number two, that the Debtor must consent to the arrangement, also should not be an issue. Obviously the Debtor consented to the arrangement as the Debtor voluntarily borrowed the funds from its principal/sole shareholder's daughter and scheduled Ms. Gonzalez as an undisputed general unsecured creditor.

8. Strangely, the Trustee alleges that the consent requirement has not been satisfied because the Debtor did not provide any loan documentation or other evidence demonstrating that the Retainer payment was intended to be a loan.[2] However, neither *Kelton Motors* nor *Lar Dan*

---

[2] The Trustee cannot have it both ways. The arrangement is either a loan by Ms. Gonzalez to the Debtor, as was the intent, *see*, Initial Diana Gonzalez Affidavit, Supplemental Diana Gonzalez Affidavit and the Fernando Gonzalez

4

require that the arrangement be in writing and that loan documentation be executed, and the Trustee has cited no authority for this self-serving expansion of factor two. Moreover, as set forth above, the Debtor has scheduled Ms. Gonzalez as a general unsecured creditor, for, among other things, the funds advanced for the Retainer payment.

9. With respect to factor three, *i.e.,* whether Ms. Gonzalez sought the advice of counsel, the Trustee again misreads *Kelton Motors* and *Lar Dan*. *Kelton Motors* specifically states that "[o]ur list [of factors] is not exhaustive, nor must every condition be satisfied in every situation, but rather, it is to serve as a guide." (emphasis added). 109 B.R. at 658. Indeed, neither the *Kelton Motors* decision nor the *Lar Dan* decision state that the third party payor/insider consulted independent legal counsel.

10. In the facts at bar, Ms. Gonzalez was advised to consult legal counsel, *see* Initial Diana Gonzalez Affidavit and the Supplemental Diana Gonzalez Affidavit, and she elected not to do so. As she stated in the Supplemental Diana Gonzalez Affidavit "[I] made the loan to the Debtor so that everything my father has worked for in the last 29 years is not lost. I do not need the advice of counsel to do what any loving, devoted daughter would do when a parent is facing the loss of everything he has worked for."

11. The Debtor respectfully submits that requiring Ms. Gonzalez to retain legal counsel to advise her with respect to the Retainer loan to the Debtor is inappropriate and would not have resulted in any different or modified decision by Ms. Gonzalez. Similarly, requiring loan documentation ignores the fact that the third party payor is the principal/sole shareholder's daughter.

---

Affidavit, or the Retainer payment was a payment by a third party payor, as the Trustee alleges in its analysis of factor five. If the Retainer was a loan to the Debtor, then there is no issue as the Retainer has come from the Debtor. If the Retainer payment is a third party payment, the Trustee's analysis of factor two is wrong.

5

12.     Factor four, requiring full disclosure to the court at the outset of the representation, has been done.  The Motion, the Initial Diana Gonzalez Affidavit, the Initial Steinberg Affidavit and the Supplemental Steinberg Affidavit each set forth that Ms. Gonzalez advanced the Retainer on behalf of the Debtor and the circumstances leading up the Retainer payment.  The Trustee asserts that this factor has not been satisfied because the Motion doesn't state whether the third party payor (Ms. Gonzalez) is responsible for future fees.  The Supplemental Steinberg Affidavit and the Supplemental Diana Gonzalez Affidavit each state unequivocally that Steinberg is looking only to the Debtor, pursuant to proper application made to the Court, for the payment of fees and expenses over and above the Retainer. Thus, the Trustee's Objection with respect to factor four is resolved.

13.     With respect to factor five, *i.e.* proposed counsel must demonstrate and represent to the Court the absence of facts that would otherwise create non-disinterestedness or actual or potential conflict, the Affidavits and the Motion clearly evidence that Steinberg is disinterested. There is no actual conflict as Steinberg is representing only the Debtor, Steinberg has not and will not advise Ms. Gonzalez with respect to her claim against the Debtor and Steinberg will not be looking to Ms. Gonzalez for fees and expenses incurred in representing the Debtor. Likewise, there is no potential conflict because Steinberg and Ms. Gonzalez have acknowledged that Steinberg's duty of loyalty runs solely and exclusively to the Debtor, and as set forth above, under no circumstances will Ms. Gonzalez be responsible for fees and expenses incurred by the Debtor.

14.     Finally, Ms. Gonzalez is not an officer, director, employee or shareholder of the Debtor, and as such, she has no authority or ability to direct Steinberg in any manner in this proceeding.  Thus, Steinberg's ability to counsel the Debtor cannot and will not be compromised

in any fashion by Ms. Gonzalez.

15. The Debtor respectfully submits that Steinberg has demonstrated his disinterestedness to the Court and has satisfied the other relevant factors set forth in *Lar Dan* and *Kelton Motors*. Accordingly, the Trustee's Objection should be overruled and Steinberg's retention approved.

## THIS EXACT ARRANGEMENT HAS PREVIOUSLY BEEN APPROVED BY THE TRUSTEE

16. The third party payor arrangement utilized in this case has been previously approved by the Trustee and the Court in the Chapter 11 case of *In re Robert Litwin,* Case No. 14-12933 in the Southern District of New York. As set forth in detail in the Supplemental Steinberg Affidavit and Exhibit "B" attached thereto, in the *Robert Litwin* case an emergency filing needed to be made and the debtor did not have sufficient funds on hand to pay proposed counsel's retainer. A friend of the debtor was going to loan the debtor $5,000 for the retainer, plus the filing fee, but because the filing needed to be done before a check would clear, the third party payor paid the retainer directly to counsel and the third party payor was scheduled as a creditor of the debtor.

17. The affidavits in *Litwin*, which are virtually identical to the Initial Diana Gonzalez Affidavit and the Initial Steinberg Affidavit, disclose this arrangement and state that the retainer payment was always intended to be a loan to the debtor. The Trustee approved counsel's retention and the Court, Judge Gerber presiding, entered the order without a hearing.

18. The Trustee was made aware of the *Litwin* precedent in an initial telephone conference. The Trustee's response was: "that was the southern district, not the eastern district."

19. The Debtor respectfully submits that *Litwin* was approved because it makes perfect sense, not because the analysis is any different in the Southern District of New York

(where *Lar Dan* was decided and upon which the Trustee relies). Indeed, the Trustee has not cited one case from the Eastern District of New York in support of its Objection.

20. If the Trustee had made even a cursory examination of the *Litwin* retention pleadings, it would have seen that the arrangement utilized herein satisfies the requisite legal standard for the approval of third party retainer payments.

21. Thus, if there was any doubt whether the third party payor arrangement in this case satisfies the *Lar Dan* standard, the Debtor submits that the *Litwin* precedent puts the issue to rest.

## THE TRUSTEE'S POSITION IS BAD POLICY

22. In addition to being incorrect as a matter of law, the Trustee's position is bad policy because such a policy makes it difficult for small businesses in financial distress to get vital legal representation and to avail themselves of Chapter 11 relief. Frequently, small businesses do not have sufficient funds on hand to afford to retain competent bankruptcy counsel. If payments by third party/insiders i.e. the daughter of the sole shareholder, are prohibited, many small corporate debtors, whose businesses could be reorganized and rehabilitated under Chapter 11, will be unable to retain counsel and in effect, unable to seek relief under the Bankruptcy Code.

23. As stated by the Court in *Kelton Motors,* "Many small corporations facing the threshold of the Bankruptcy Court depend upon their key, and many times solvent, insiders to fund the debtor's bankruptcy attorney for the latter's undertaking of vital pre- and post-bankruptcy representation." In so noting the Court held that an equitable approach, rather than a hard and fast rule is more consistent with the Bankruptcy Court and a court of equity. 109 B.R. at 657.

24. In the case at bar, the preferred policy, as noted in *Kelton Motors*, is entirely consistent with the legal analysis. At the time the Debtor met with proposed counsel the Debtor was in severe financial distress and did not have sufficient funds to pay a retainer. Absent the advance of the Retainer payment by Ms. Gonzalez, the Debtor would not have been able to retain counsel and seek relief under the Bankruptcy Code. Proposed counsel for the Debtor has affirmed his sole allegiance is to the Debtor, and the payor of the Retainer has acknowledged that proposed counsel cannot and will not represent her in any manner in this case.

25. The Debtor respectfully submits that denying the Debtor's motion to retain Steinberg as its counsel would set bad precedent and be bad policy.

26. In sum, the Debtor's Motion to retain Steinberg should be granted because Steinberg has satisfied the standard set forth in *Kelton Motors* and adopted by *Lar Dan* court, as a matter of fact and as a matter of law. There is no conflict, actual or potential, and both Steinberg and Ms. Gonzalez have represented that Steinberg is representing the Debtor only. Moreover, any and all fees incurred over and above the Retainer will be the responsibility of the Debtor only. Finally, all aspects of the payment of the Retainer and the relationship of the parties has been fully disclosed at the time the representation was sought.

27. For all of the reasons stated above, the Debtor's Motion should be granted forthwith.

**WHEREFORE,** the Debtor respectfully prays for the entry of an order granting the Debtor's Motion, authorizing the Debtor's retention of Steinberg as its counsel in this Chapter 11 case and granting the Debtor such other relief as is just and proper.

Dated: Mineola, New York
March 29, 2016

                                  LAW OFFICE OF SCOTT A. STEINBERG
*Proposed Attorney for the Debtor*
167 Willis Avenue
Mineola, New York 11501
(516) 739-9600
ssteinberg@saslawfirm.net

By: */s/ Scott A. Steinberg*
     Scott A. Steinberg